IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JEFF D. RUSSELL,

        Plaintiff,

   vs.                      Civil Action 2:05-CV-138
                                  Judge Holschuh
                                  Magistrate Judge King

FLEET CREDIT CARD SERVICES,
*et al.*,

        Defendants.


## REPORT AND RECOMMENDATION

      This action, which was originally filed in state court, alleges that defendants violated federal and state law in connection with the processing of allegedly fraudulent activity on plaintiff's credit card. The action was removed to this Court, pursuant to 28 U.S.C. §1441(a), as one arising under federal law. This matter is now before the Court on plaintiff's motion to remand, Doc. No. 17.

      The party seeking removal bears the burden of establishing its right thereto. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir. 1989); *City of Tipp City v. City of Dayton,* 204 F.R.D. 388 (S.D. Ohio, 2001). Defendants removed this case pursuant to 28 U.S.C. §1441, invoking this Court's jurisdiction under 28 U.S.C. §§1331, 1367.

      Among the claims raised in the complaint are claims under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.,* ["FCRA"] and the Fair Credit Billing Act, 15 U.S.C. §1661 *et seq.,* ["FCBA"]. It is undisputed that the complaint raises a federal question ordinarily sufficient to vest in this Court original federal question jurisdiction under 28 U.S.C. §1331. Indeed, the jurisdictional provisions of those statutes confer

concurrent jurisdiction on both state and federal courts.[1]  However, in moving to remand, plaintiff argues that claims under the FCRA and FCBA, once initiated in state court, cannot be removed to federal court even though the claims could have been originally filed in federal court.

In support of his argument, plaintiff cites two district court cases for the proposition that claims under the FCRA may not be removed for the same reason that claims under the Fair Labor Standards Act, 29 U.S.C. §216 ["FLSA"], may not properly be removed from state court to federal court. *Griffin v. Hooper-Holmes Bureau, Inc.,* 413 F.Supp. 107 (M.D. Fla. 1976); *Ruth v. Westinghouse Credit Co.,* 373 F.Supp. 468 (W.D. Ok. 1974).  Plaintiff specifically contends that the grants of jurisdiction of all three statutes are similar.  This contention, however, ignores a critical distinction in the statutes.  Section 216(b) of the FLSA provides that "[a]n action ... *may be maintained* against any employer ... in any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b) (emphasis added).  The FCRA and the FCBA, on the other hand, utilize the phrase "*may be brought.*"  Although some courts have reasoned that the use of the word "maintained" in the FLSA implies a congressional intent to foreclose removal, *e.g., Johnson v. Butler,* 162 F.2d 87, 89 (8th Cir. 1947); *Lopez v. Wal-Mart Stores, Inc.,* 111 F.Supp. 2d 865 (S.D. Tex. 2000), that reasoning does not apply to the FCRA and the FCBA.

In any event, unless a statute expressly provides otherwise, "a congressional grant of concurrent jurisdiction in a statute does not

---

[1]"An action to enforce any liability created under this title [FCRA] may be brought in any appropriate United States District Court, without regard to the amount of controversy, or in any other court of competent jurisdiction. ..."  15 U.S.C. §1681p.

"Any action under this section [FCBA] may be brought in any United States district court, or in any other court of competent jurisdiction. ..." 15 U.S.C. §1640(e).

imply that removal is prohibited." *Dorsey v. City of Detroit,* 858 F.2d 338, 341 (6th Cir. 1988). Section 1441(a) provides, "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed. ..." 28 U.S.C. §1441(a). If Congress had intended to foreclose removal of claims under the FCRA and the FCBA, it could have expressly done so in direct, unequivocal language, as it did with 28 U.S.C. §1445; 15 U.S.C. §77v(a); 15 U.S.C. §1719; 15 U.S.C. §3612. *See also Dorsey, supra,* 858 F.2d at 341. It follows that claims under the FCRA and the FCBA, which are not listed in 28 U.S.C. §1445 as non-removable, are not foreclosed from removal to federal court merely because the statutes contemplate concurrent jurisdiction in state courts.

Accordingly, it is **RECOMMENDED** that plaintiff's motion to remand be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers,*

3

*Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


May 18, 2005                          *s/Norah McCann King*
                              Norah M<sup>c</sup>Cann King
                         United States Magistrate Judge